**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *TINOCO, et al.*, <br>     Plaintiffs, <br>      vs. <br> *ILLINOIS BELL TELEPHONE COMPANY* <br> *d/b/a AT&T Illinois* <br>     Defendant. | CASE NO. 14-cv-1456 <br><br> Judge Castillo <br><br> Magistrate Judge Martin |

**PLAINTIFFS' STATUS REPORT[1]**

### I.   INTRODUCTION

This case has an unusual history and a brief description may be helpful to the Court.

### A.   *THE BLAKES CASE*

All Plaintiffs are also among the 300+ collective Opt-In Plaintiffs in *Blakes et al. v. Illinois Bell Telephone Company*, 11-CV-336 pending in this District before Magistrate Judge Kim ("*Blakes*"). On December 17, 2013, concluding that individual issues predominated, Judge Kim decertified most of the claims in *Blakes*, retaining only claims for off-the-clock time to enter time at the end of a shift and retaining jurisdiction for all of the named and Opt-In Plaintiffs (including the Plaintiffs here) regarding those claims.[2] Judge Kim addressed none of the claims on their merits. Rather, he delayed the effective date of his December 17th, Order until February 28, 2014, so Opt-In Plaintiffs could sue on their other claims and relate them back to the statute of limitations date determined by the original filing of their consents in *Blakes*. This case followed. It was filed as a single case because Plaintiffs believe this was the most efficient way to adjudicate the individual claims.[3]

---

[1] The Parties had a discussion regarding this status report on May 8th. Plaintiffs' proposal was sent to Defendant on May 13th for review. In a call on May 15th, Defendant had still not decidedwhether it was going to file its own report or file a joint report. Because Plaintiffs have not received a response from the Defendant, they have filed this Plaintiffs' Status Report.

[2] Judge Kim also retained jurisdiction over the named Plaintiffs who had jointly filed the original case, but ordered that their claims be tried on an individual basis because individual issues predominated.

[3] On numerous occasions, in open court before Judge Kim, during mediation before Magistrate Judge Finnegan and privately, Plaintiffs' current counsel, Maduff & Maduff ("Maduff"), informed Defendant's counsel, Morgan, Lewis & Bockius, ("Morgan Lewis") that many of the Opt-In Plaintiffs would be filing their

1

B.     THE NEXT STEPS IN THIS CASE

Between December 17, 2013, and February 28, 2014, Maduff reached out to all Opt-In Plaintiffs in *Blakes* to apprise them how Judge Kim's affected them personally. Eventually, 153 signed individual FLSA Consents and Retainer Agreements regarding their remaining claims. On February 28, 2014, Maduff filed the instant suit with over 140 named Plaintiffs and three additional suits (in other Federal Districts of Illinois).

Because this case represents 140 individual claims — albeit with numerous common issues of law and fact — Maduff has diligently gathered information to prepare for a proposed plan going forward. Maduff has also arranged for five qualified wage and hour law firms ("Successor Attorneys") to each represent several of these Plaintiffs, individually. Maduff has been contacting these 60+ Plaintiffs —at this moment still Maduff clients — to introduce each of them to a Successor Attorney who has agreed to represent him.

There is no co-counsel agreement between Maduff and the Successor Attorneys. Each will exercise his or her own judgment in representing his or her clients. As Successor Attorneys execute retainer agreements, appropriate motions to withdraw and to substitute counsel will be filed. Maduff anticipates that some, or all, of the Successor Attorneys may consider amending the complaint for some, or all, of their respective clients.[4]

Maduff also began an extensive process of gathering individualized information from each of its 350 clients; sending at least three letters to each, holding seven town hall meetings around Chicago, and making hundreds of phone calls to clients. Detailed information was received from over 95%. Maduff reviewed the case with each Plaintiff

---

remaining claims on or before February 28, 2014. At the last status before Judge Kim, on March 4, 2014, Morgan Lewis was specifically advised that individual cases had in fact been filed four days earlier.

[4] During discussions with opposing counsel and hearings before Judge Kim, Morgan Lewis repeatedly threatened Rule 11 sanctions if individual lawsuits were filed. Maduff received a Rule 11 letter from Morgan Lewis on May 1, 2014. Under all the circumstances Maduff believes the Complaint is appropriate, the Rule 11 letter is unwarranted and, in any event, premature particularly in light new plaintiffs' counsel entering the case.

2

individually, and is still in contacting a number to discuss their situations. Maduff anticipates it will be filing motions to dismiss claims for a few Plaintiffs.

**II. NATURE OF THE CASE**
- This Court has jurisdiction over Plaintiffs' claims against Defendant under 29 U.S.C. §216(b) and 28 U.S.C. §§1331.
- Plaintiffs bring individual claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorney's fees and costs under the Fair Labors Standards Act, 29 U.S.C. §§207 and 216(b).
- There are no counterclaims.
- All Parties have been served.
- Major Legal Issues
    - Whether the Plaintiffs engaged in compensable, unpaid, work;
    - Whether the Defendant knew or had reason to know the Plaintiffs were performing compensable work for which they were not paid;
    - Whether the Defendant's timekeeping system met Defendant's timekeeping obligation under 29 USC §211(c).
- Major factual issues
    - Defendant's actual or constructive knowledge;
    - The amount of compensable unpaid work performed by each Plaintiff.
- Citations to key authorities which may assist the Court:
    - *Blakes v. Illinois Bell Tel. Co.,* 11 CV 336, 2013 WL 6662831 (N.D. Ill. Dec. 17, 2013)
    - *Kellar v. Summit Seating Inc.*, 664 F.3d 169 (7th Cir. 2011)
    - *Gaines v. K-Five Const. Corp.*, 742 F.3d 256, 270 (7th Cir. 2014)
    - *Boelk v. AT & T Teleholdings, Inc.*, 12-CV-40-BBC, 2013 WL 3777251 (W.D. Wis. July 19, 2013)

**III. PREPARATION OF DRAFT SCHEDULING ORDER**

It is difficult to propose a scheduling order until Successor Attorneys have all filed their appearances and reviewed each individual plaintiff's file.

Defendant has requested a "Stipulation" regarding when it should file its answer or responsive pleadings given the possibility of amended complaints being filed. While the Plaintiffs do not object to the proposal, they do not believe they can enter into a "Stipulation", rather that this is a matter within the sound discretion of the Court.

**IV. TRIAL STATUS**
- Some or all of the Plaintiffs will be requesting a trial by jury.
- It is difficult to estimate the length of trial at this time.

**V. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The Plaintiffs do not consent at this time to proceed before the Magistrate Judge.

**VI.** **SETTLEMENT STATUS**

The Parties held a settlement conference before Magistrate Judge Finnegan in *Blakes v. Illinois Bell Tel. Co.,* 11 CV 336. That settlement conference preceded filing this case, but incorporated some of the issues . Those efforts were not fruitful.

Respectfully Submitted,

By:/s/ Walker R. Lawrence

Walker R. Lawrence
Attorney No. 6296405
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Phone: 312-276-9000
abmmaduff@madufflaw.com
mlmaduff@madufflaw.com
wrlawrence@madufflaw.com

## **Certificate of Service**

There undersigned attorney hereby certifies that on May 15, 2014 a true and correct copy of the foregoing document was served by electronic means through the Court's ECF System to counsel of record.

                                              Respectfully Submitted,

                                              By:/s/ Walker R. Lawrence

Walker R. Lawrence
Attorney No. 6296405
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Phone: 312-276-9000
abmmaduff@madufflaw.com
mlmaduff@madufflaw.com
wrlawrence@madufflaw.com