UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARYL ADKINS, *et al.*,[1]

Plaintiffs,

v.

ILLINOIS BELL TELEPHONE COMPANY
d/b/a AT&T Illinois,

Defendant.

Case No. 14-cv-1456

Hon. Judge Castillo

**DEFENDANT'S MOTION TO DISMISS FOR MISJOINDER
AND TO REQUIRE INDIVIDUAL SUITS**

Defendant Illinois Bell Telephone Co. ("Illinois Bell"), by its attorneys and pursuant to

Rule 21 of the Federal Rules of Civil Procedure, respectfully moves this Court to grant its

Motion to Dismiss for Misjoinder and to Require Individual Suits.  In support of this Motion,

Illinois Bell submits the accompanying Memorandum of Law and further states as follows:

1.      Plaintiffs filed their initial complaint in this action on February 28, 2014, followed

by an amended complaint on March 5, 2014.  Dkts. 1, 8.

2.      Plaintiffs' amended complaint purported to join the separate, individual claims of

141 current and former Illinois Bell employees, alleging violations of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay certain employees for all time worked.

3.      Each of the 141 original plaintiffs in this case is also an "opt-in" plaintiff in

another FLSA action in this district against Illinois Bell, *Blakes v. Ill. Bell Tele. Co.*, No. 11-cv-

336 (N.D. Ill.), in which Magistrate Judge Kim determined the same allegations raised here were

not appropriate for collective litigation.

---

[1] The original first-named plaintiff in this action, Antonio Tinoco, filed a notice of voluntarily dismissal
on July 23, 2014 (Dkt. 92), which was granted on July 28, 2014 (Dkt. 101).  Accordingly, Illinois Bell has
replaced Tinoco in the caption with the first plaintiff in the current operative complaint, Daryl Adkins.

1

4.      Based on extensive discovery, including depositions of 11 of the original plaintiffs in this case, production of timekeeping data and records, multiple expert witnesses, and lengthy briefing, the *Blakes* court decertified the collective action (which had been conditionally certified under FLSA Section 216(b)'s "modest" first-stage standard) on all but one of plaintiffs' claims. *See* 2013 WL 6662831 (N.D. Ill. Dec. 17, 2013).  Rejecting many of the same theories plaintiffs have repackaged here, Judge Kim found that plaintiffs were not "similarly situated" because, *inter alia*, their claims were not based on any illegal policy common to all plaintiffs, and joint resolution would result in "an overwhelming amount of individual inquiries." *Id.* at *10-12.  The court ruled unequivocally that "there is *no gain* to be derived from the collective approach." *Id.* at *18 (emphasis added).

5.      Rather than file individual actions, the same plaintiffs' counsel filed this lawsuit, aggregating the individual claims of 141 *Blakes* opt-ins into one case.  Plaintiffs admittedly brought "those claims that were not certified to go forward on a collective basis in" *Blakes*. Dkt. 1 ¶ 3; Dkt. 8 ¶ 3.  Plaintiffs' amended complaint, however, alleged only that each plaintiff "worked as a Cable Splicer for Illinois Bell" and "was assigned to at least" certain garages during employment (*id.* ¶¶ 6-146), before reciting generic allegations about Illinois Bell.  These allegations mirrored the theories *Blakes* rejected as grounds for collective litigation.

6.      After Illinois Bell informed plaintiffs' counsel that it considered plaintiffs' amended complaint and misjoinder approach improper and sanctionable, many of the 141 original plaintiffs voluntarily dismissed their claims.  Of the 89 remaining, 53 are represented by one of four new law firms, while 36 plaintiffs remain represented by original counsel.

7.      On July 30, 2014, plaintiffs filed a Second Amended Complaint ("SAC") that is 178 pages long, contains 1,318 paragraphs, and asserts the disparate claims of 89 individuals

among 128 separate "counts." Dkt. 108. The SAC alleges Illinois Bell violated the FLSA in connection with unpaid work that may have occurred – depending on the individual – pre-shift, post-shift or during lunch breaks, and for many different reasons. The SAC alleges an assortment of unpaid tasks by plaintiffs who have worked multiple types of jobs, over different time periods, involving at least 48 locations, and implicating over 160 different supervisors.

8.      The *Blakes* decertification decision dictates that plaintiffs' varying claims are misjoined in one lawsuit. Plaintiffs have admittedly recycled the claims *Blakes* already found inappropriate for collective treatment.

9.      Even if *Blakes* does not bar collective treatment of plaintiffs' claims, they cannot meet Rule 20(a)'s requirements for permissive joinder. Fed. R. Civ. P. 20(a). The SAC itself demonstrates that plaintiffs' diverse claims do not arise out of "the same transaction, occurrence, or series of transactions or occurrences," and that no relevant question of law or fact would be common to *all* plaintiffs. *Id.* Plaintiffs' allegations involve different types of positions, over different time periods, at separate work locations, under hundreds of supervisors. Plaintiffs have failed to identify any common policy or practice that binds each plaintiff's claims – a conclusion the *Blakes* court reached expressly – much less one that purportedly *caused* each plaintiff's alleged harm. To the contrary, joinder is inappropriate because plaintiffs' claims will require individualized inquiries, subject to individualized defenses.

10.     Allowing joinder here would defeat, rather than promote, the purposes underlying Rule 20 by causing significant risk of confusion and prejudice and rendering discovery and any joint trial unnecessarily cumbersome and inefficient. Different groups of plaintiffs are represented by five different law firms, making even routine litigation conduct a logistical

problem.  And any trial of 89 separate individual claims will by unwieldy and prejudice Illinois Bell's right to a fair proceeding.

11.     Pursuant to Rule 21, the Court should remedy plaintiffs' misjoinder by dismissing the SAC without prejudice and requiring each plaintiff (who so chooses) to file separate, individual suits, along with the filing fee that would have been due had suit been properly filed in the first place.  *See* 28 U.S.C. § 1914(a).  The Court should retain jurisdiction over the first-named individual (Daryl Adkins) only and order that he file an amended complaint specific to him (if he chooses), leaving only a single-plaintiff case.

WHEREFORE, for the reasons set forth herein and its accompanying Memorandum of Law, Illinois Bell respectfully requests that the Court enter an order (1) granting its Motion; (2) retaining jurisdiction of the claims of Daryl Adkins and order that he file an amended complaint (if he chooses to do so); and (3) dismissing the remaining plaintiffs' claims without prejudice and order each individual plaintiff who chooses to do so to re-file his or her individual complaint, with the applicable filing fee.

Dated:  August 29, 2014

Respectfully submitted,

By:  /s/  Gregory P. Abrams

George A. Stohner (*pro hac vice*)
Gregory P. Abrams
Rita Srivastava
Matthew A. Russell
Morgan, Lewis & Bockius, LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
312.324.1000
gstohner@morganlewis.com
gabrams@morganlewis.com
rsrivastava@morganlewis.com
marussell@morganlewis.com

*Attorneys for Defendant*

4

## STATEMENT OF COMPLIANCE

Pursuant to this Court's Case Management Procedures, Illinois Bell has served plaintiffs, through their counsel, with concise letters summarizing the legal and factual grounds for the relief requested in this Motion, with references to supporting authorities, and have made a sincere effort to resolve issues relating to this Motion.  Copies of these letters are attached as Exhibit B to the accompanying Memorandum of Law in support of this Motion.

/s/ Gregory P. Abrams
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 29, 2014, a true and correct copy of the foregoing document was served by electronic means through the Court's ECF system to:

Aaron Maduff
Michael Maduff
Walker Lawrence
Maduff & Maduff LLC
205 N. Michigan Avenue, Suite 2050
Chicago, IL 60601
ABMaduff@madufflaw.com
MLMaduff@madufflaw.com
WRLawrence@madufflaw.com

Brian D. Massatt
Law Office of Brian D. Massatt
8824 Glenshire Street
Tinley Park, Illinois 60487
bmassatt@comcast.net

Colleen M. McLaughlin
Elisa Hobfoll
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd. Ste 209
Wheaton, IL 60189
colleen@cmmclaw.com
elissa@cmmclaw.com

John Billhorn
Billhorn Law Firm
120 S. State Street, Suite 400
Chicago, IL 60603
jbillhorn@billhornlaw.com

Mario Uteras
Uteras Law Offices, Inc.
205 W. Wacker Dr., Suite 1600
Chicago, Illinois 60606
mutreras@utreraslaw.com

/s/  Gregory P. Abrams
*Attorney for Defendant*

5