IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINOCO, *et al.*, | ) | |
|     Plaintiffs, | ) | Case Number: 14-cv-1456 |
| | ) | |
| vs. | ) | Judge Ruben Castillo |
| | ) | |
| ILLINOIS BELL TELEPHONE COMPANY | ) | Magistrate Judge Daniel Martin |
| d/b/a/ AT&T Illinois, | ) | |
|     Defendant. | ) | |

**Response In Opposition to Defendant's Motion to Dismiss for Misjoinder
and to Require Individual Suits**

PLAINTIFFS, by and through their attorneys, hereby respond in opposition to Defendant's Motion to Dismiss for Misjoinder and to Require Individual Suits (D.E. 115). Defendant's motion places before this Court the important issue of how to efficiently and fairly handle the claims for unpaid wages of opt-in class members when a FLSA collective action is decertified. Defendant's position, that each employee must be dismissed and proceed alone, errs because: (1) the remedy for misjoinder in this case is severance, not dismissal; (2) joinder is proper because a joint FLSA individual action need not rely on the representative proof necessary for a FLSA collective action; and (3) joining all Plaintiffs claims at this stage of litigation is the most efficient means of resolving this dispute. If, after joint discovery, this Honorable Court determines that the remaining Plaintiffs are too numerous for one trial, the remaining Plaintiffs may then be severed into appropriate sized groups for trial. For these reasons, Defendants' Motion to Dismiss must be denied.

## FACTUAL BACKGROUND

Plaintiffs originally sought to vindicate their FLSA rights through representative proof, in a collective action. In that prior action, Judge Kim found the plaintiffs' claims similarly situated

1

and conditionally certified the collective action. *Blakes v. Illinois Bell Tel. Co.*, 2011 WL 2446598, at **3-4 (N.D. Ill. June 15, 2011). After discovery and a review of representative plaintiffs' claims, Judge Kim determined that (1) some post-shift off-the-clock work claims could be proved through representative proof, but (2) the other off-the-clock work claims required individual inquiries and were not provable through representative evidence. *Blakes v. Illinois Bell Tel. Co.*, 2013 WL 6662831, at *2 (N.D. Ill. December 17, 2013). Judge Kim partially decertified that FLSA collective action to allow the opt-in plaintiffs to prosecute their claims. *See Id.* The *Blakes* named plaintiffs continued before Judge Kim with a collective action for post-shift claims and with individual actions joined together for their other off-the-clock work claims. Defendant subsequently filed summary judgment motions against all of the *Blakes* named plaintiffs' individual claims making common legal arguments and relying on common facts. Grp. Ex. A. Many of the dismissed opt-in plaintiffs from *Blakes* jointly filed their other off-the-clock FLSA claims in this action.

## LEGAL STANDARDS

Congress sought to lower the individual costs to employees in vindicating their FLSA rights by allowing employees to pool their resources. *Cf. Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989) (interpreting 29 U.S.C. § 216(b)). Section 216(b) states in part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). Congress provided that employees could vindicate their FLSA rights through collective actions or individual actions. *Id.* FLSA collective actions are representative actions similar to Rule 23 class actions where representative plaintiffs may earn incentive awards by vindicating the rights of a class of employees and similarly situated employees may opt-in. *See*

2

*Espenscheid v. DirectSat*, 705 F.3d 770, 771-772 (7th Cir. 2013). When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs. *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010).

Individual FLSA actions need not rely on representative plaintiffs or representative proof. Multiple plaintiffs may proceed with their individual actions together in one joint action. *E.g. Allen v. Atlantic Richfield Company*, 724 F.2d 1131, (5th Cir. 1984) (22 individual plaintiff actions joined under Rule 20); *Murray v. Tyson Foods, Inc.*, 08-cv-4001 (C.D. Ill. Feb. 24, 2010); (6 plaintiff joint individual FLSA action); *Anderson v. Montgomery Ward & Company, Inc.*, 852 F.2d 1008, 1009, 1011, 1013 (7th Cir. 1988) (39 plaintiff joint action under FLSA procedures adopted by ADEA). Whether the individual actions proceed jointly or separately is entrusted to the discretion of the district court. *See Alvarez*, 605 F.3d at 450.

The purpose of Rule 20 is "to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits. *Rochlin v. Cincinnati Ins. Co.*, 2003 WL 21852341, at *12 (S.D. Ind. July 8, 2003). Trial courts have wide discretion and may consider other factors to "comport with the principles of fundamental fairness[.]"[1] *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980)); *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

---

[1] In *Chavez*, the Seventh Circuit affirmed the lower court's decision to deny amendment of the complaint to join an additional plaintiff because it required additional depositions, extending the discovery deadline, and would have caused the trial date to be moved. *Chavez*, 251 F.3d at 632. Furthermore, the proposed new Plaintiff could have been added much earlier in the litigation.

**I.    Dismissal Under Rule 21 Is Not Proper**

Defendant's motion provides no ground for dismissal. Federal Rule of Civil Procedure 21 specifically states: "Misjoinder is not a ground for dismissing an action." The remedy for misjoinder in this case, if necessary, would be severance. *Cf. Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000) (duty to sever, not drop, to preserve statute of limitations); *DirecTV v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (dismissing misjoined party improper if prejudice substantial right); *cf. Lee v. Cook County*, 635 F.3d 969, 971-972 (7th Cir. 2011). Multiple plaintiffs are free to join together in a single suit when "*any* question of law or fact common to all plaintiffs will arise in the action. The common question need not predominate; that's a requirement for class actions, not for permissive joinder. . . . If other issues predominate over the common question, the district judge is entitled to sever the suit or order separate trials." *Lee,* 635 F.3d at 971.

In this case, dismissal would severely prejudice all Plaintiffs by causing them to lose large portions, if not all, of their claims to the statute of limitations. For statute of limitations purposes, severance tolls the limitations period, but a suit dismissed without prejudice under Rule 21 does not. *Lee*, 635 F.3d at 972. Plaintiffs filed this action to preserve their claims under the statute of limitations established by the *Blakes* collective action after that action was partially decertified. Judge Kim partially decertified the *Blakes* collective action permitting the opt-in plaintiffs to pursue their claims in an individual action . However, Defendant's request for this Court to dismiss Plaintiffs from this lawsuit would unfairly cause Plaintiffs' limitations periods to be deemed as running between the *Blakes* decertification and the subsequent filing of their separate FLSA lawsuits. *Cf. Lee*, 635 F.3d at 972.

## II. Individual FLSA Plaintiffs May Be Joined in a Single Joint Action

In *Blakes*, Judge Kim partially decertified the collective action, but retained the joint individual claims of the named plaintiffs. *Blakes*, 2013 WL 6662831, at *2. Following decertification of a FLSA collective action, the claims of the named plaintiffs revert to individual actions that may proceed jointly. *Cf. Alvarez*, 605 F.3d at 450. Initially, Judge Kim found the Cable Splicers sufficiently similarly situated to conditionally certify their collective action. *Blakes*, 2011 WL 2446598, at **3-4. After discovery from representative plaintiffs, Judge Kim partially decertified the collective action. *Blakes*, 2013 WL 6662831, at *2The District Court found that the decertified issues were not provable through representative evidence of the off-the-clock work. *Id.* Presently, the *Blakes* lawsuit proceeds as a collective action on the post-shift claims **and as a joint individual action on the named plaintiffs' other off-the-clock work claims.** See Grp. Ex. A. Defendant has moved for summary judgment on the individual claims of the named plaintiffs in *Blakes*. *Id.* Defendant's legal arguments are predominately the same and it relies on common facts to make them. *Id.*

The *Blakes* collective action partial decertification provides no bar to joinder in this individual action. The insufficiency of representative proof did not render the individual claims of the *Blakes* named plaintiffs misjoined because a joint individual action relies on individual proof, not representative proof. The joinder issue in this case is, at its heart, an issue regarding which plaintiffs should be joined together to achieve the most efficient and fair resolution of the claims.

## III. Severance At This Time Is Less Efficient

Defendant fails to show how severing Plaintiffs into separate individual lawsuits accompanied by separate filing fees reduces the cost of litigation, provides a speedier resolution,

5

or more just result. (D.E. 116 at 15-16). *Cf.* Fed. R. Civ. P. 1. The District Court has wide discretion in joining or severing parties. *Chavez*, 251 F.3d at 632. However, the Federal Rules of Civil Procedure are to be "construed and administered to secure a just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In this case, granting Defendant's motion would increase the cost of resolving this dispute and delay full resolution with repetitive pleadings, rulings, and depositions.

### A. Multiple Lawsuits Will Increase Costs

Defendant's request that this Court require "each [of the 89 remaining] Plaintiff[s] to file separate, individual suits" significantly increases the cost of litigation. Separate lawsuits will increase attorney fees and costs through repetitive filings and depositions; waste judicial resources; and burden fact witnesses that must repetitively testify in multiple depositions. Defendant's request for 89 separate lawsuits would necessitate the filing of 89 separate but similar complaints, and 89 separate answers or motions to dismiss with the necessary responses and judicial determinations.

Defendants also argue that since groups of Plaintiffs are represented by different attorneys, the parties will have to "deal with" who may attend, question, or object at depositions. (D.E. 116 at 13.) However, Defendant fails to address how multiple depositions of the same managers in separate cases is less costly than single manager depositions regarding all of the Plaintiffs that manager supervised. For example, Plaintiffs Keith Darnell, Ignacio Gallegos, and Peter Hughes all worked together at the Summit Garage under the supervision of Patrick Conlisk. (D.E. 108 ¶¶ 99, 141, 178). Keith Rozier supervised Plaintiffs Keith Jones, Jesse Love, Robert House Jr., and Tony Wright. (*Id.* ¶¶ 203, 258, 840, 1160). Peter Velez supervised Anthony Arrington, Corey Weathersby, Richard Villareal.(*Id.* ¶¶ 334, 375, 561). Other

supervisors also supervised multiple Plaintiffs. Granting Defendant's motion would require these supervisors to testify at multiple separate depositions rather than just one deposition for all of the Plaintiffs they supervised. Granting Defendant's motion would also unnecessarily increase attorney fees and court reporter costs for supervisor depositions.

Defendant's argument that <u>each individual Plaintiff</u> must pay a separate filing fee also runs afoul of a goal of the Fair Labor Standards Act: to lower individual costs to vindicate their rights by allowing employees to pool their resources. *Cf. Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989) (interpreting 29 U.S.C. § 216(b)). Although Congress did not exempt FLSA plaintiffs from paying the filing fee required by 28 U.S.C. § 1914(a), requiring that each and every Plaintiff in this case pay separate filing fees when they could proceed together, even if in smaller groups, defeats a fundamental goal of the FLSA. *Cf. Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010) ("Plaintiffs have a right to proceed individually and may be able to form more tailored subclasses").

Defendant's citation to *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010), to support its argument that misjoinder necessarily results after collective action decertification does not support separate lawsuits and filing fees. (D.E. 116 at 7, 13.) The *Acevedo* court did not require separate individual lawsuits with separate filing fee payments. 600 F.3d at 518, 523 (reversing dismissal of Acevedo's claims and the claims of any appellant that worked at the same store as Acevedo). Rather, it affirmed that the district court should proceed with smaller groups of plaintiffs. *Id*.

Defendant also fails to show that multiple plaintiffs' attorneys will complicate protective orders or routine motion practice or that 89 separate lawsuits would somehow be less complicated. (*See* D.E. 116 at 13.) Even if Plaintiffs' counsel show that they cannot work

7

together to resolve these joined claims, which they do not, Plaintiffs could designate a lead or liaison counsel for discovery or other issues in the joined action. *Cf.* Manual for Complex Litigation, 4th ed., at §§ 22.62, Federal Judicial Center 2004 (discussing organization of counsel in mass tort actions).

### B. Multiple Lawsuits Will Delay Resolution

Defendants make no argument that 89 separate individual lawsuits would speed resolution. Obviously, the opposite is the case where repetitive depositions must be scheduled and sufficiently repetitive pleadings must be separately filed and ruled upon. In this case, even if smaller groups go to trial, joint discovery will speed resolution.

### IV. Severance is Premature

Even if one trial of 89 Plaintiffs' claims is not practical, Plaintiffs may be appropriately severed for trial after discovery. Joint discovery is appropriate here where all Plaintiffs will rely on similar payroll and timekeeping records and many Plaintiffs will require depositions of the same managers. Joint discovery would allow the parties to develop the factual evidence that will determine the strength of each claim and determine the number of Plaintiffs that will go to trial.

### V. Plaintiffs' Claims Give Rise to Common Questions of Fact and Law

Joinder "does not require that *all* questions of law and fact raised by the dispute be common. Yet, neither does it establish any qualitative or quantitative test of commonality." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974)). In the context of Title VII, so long as discriminatory conduct is common to the class joinder was appropriate even though the individual class members suffered different effects from that conduct. *Id. Mosley* said it as follows:

> Although the actual effects of a discriminatory policy may thus vary throughout the class, the existence of the discriminatory

8

> policy threatens the entire class. And whether the Damoclean
> threat of a racially discriminatory policy hangs over the racial
> class is a question of fact common to all the members of the
> class.

*Id.*; *see also King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6 (E.D. Pa. 1979) ("Even though proof of the discrimination will involve the various work records of each plaintiff, there will also be a substantial overlap in the evidence presented."); *Luna v. Del Monte Fresh Produce (Se.), Inc.*, 2009 WL 4801357 (N.D. Ga. Dec. 10, 2009) (Joinder appropriate of opt-in plaintiffs because "[t]he claims in Counts I and II arise from a common payment system dictated by uniform H-2A employment contracts and Farm Labor Contractor ("FLC") agreements."). In *Rochlin*, there were three different departments involved; however, the plaintiffs alleged that the departments shared similar job functions and the two people in charge of the departments were the alleged discriminatory actors. 2003 WL 21852341 at * 14. As a result there was likely to be overlapping evidence and joinder was appropriate. *Id*.[3]

In this case, Defendant erroneously argues that Plaintiffs cannot show that any question of law or fact common to all plaintiffs will arise in the action. (D.E. 116 at 12.) The primary question of law and fact for all Plaintiffs' claims in this case is whether Defendant suffered or permitted the off-the-clock work. *Cf.* Grp. Ex. A. The amended complaint alleges that not only did Defendant reasonably know the Cable Splicers worked off-the-clock, it encouraged the Cable Splicers to do so. (D.E. 108 ¶ 38.) Plaintiffs will seek similar evidence of their payroll and timekeeping records. Plaintiffs also intend to depose managers that supervised multiple Plaintiffs' work.

---

[3] The defendant argued that each plaintiff will require individualized proof about their specific cases. *Id*. Judge Hammond said that while this would weigh heavily against class certification, it did not prevent joinder because of the common allegations. *Id*.

Defendant's action in the prior case, illustrates the common legal issues. In *Blakes* Illinois Bell filed six almost identical summary judgment motions against the individual plaintiffs' claims. *See* Grp. Ex. A. In those motions, Defendant made identical arguments of law and fact. It argued that summary judgment was proper against each individual plaintiff because, *inter alia*, (1) no plaintiff can establish the occurrence or frequency of off-the-clock work; and (2) no plaintiff can establish that Illinois Bell had knowledge or constructive knowledge of plaintiffs' off-the-clock work. Grp. Ex. A. In the accompanying statements of material fact, Illinois Bell referred to the same collective bargaining agreement, code of conduct, and employee expectations to support its common defenses against all of the individual plaintiffs' claims.

## VII. Plaintiffs' Claims Arise from the Same Series of Transactions

All lunchtime and pre-shift claims arise out of the same series of transactions. Courts have interpreted both prongs of Rule 20 very broadly to align itself with federal policy that favors joinder. See *Rochlin*, 2003 WL 21852341 at 13 ("the word 'transaction' has been given a 'flexible meaning.'" quoting *Mosley*, 497 F.2d at 1333). Judge Hammond described it as follows:

> A transaction can encompass a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.

*Rochlin*, 2003 WL 21852341 at 13 (citations and quotations omitted); *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002) ("[T]he allegations refer to discrimination during the same general time period, allege the same type of adverse employment actions, allege the same type of discrimination (race), and appear generally to accuse the same set of supervisors at the same work location, all factors favoring joinder."); *Allen*, 724 F.2d at 1132 (allowing joinder of 22 plaintiffs in FLSA action who worked at the same petroleum refinery); *cf. Berry v. Illinois*

*Dep't of Human Servs.,* 2001 WL 111035 (N.D. Ill. Feb. 2, 2001)(holding joinder inappropriate where 33 plaintiffs were employed at six different facilities, complained of different types of mistreatment by different supervisors, and alleged different bases for discrimination against them); *Acevedo*, 600 F.3d at 522 (denied joinder of 800 plaintiffs that worked at more than 300 stores, under different managers that implemented the policies at issue in an off-the-clock FLSA case).[5]

In this case, Defendant asks the Court to interpret the series of transactions as narrowly as possible restricting each claim to each Plaintiff. Plaintiffs ask for a more logical association. Defendant's common timekeeping and payroll systems failed to record or pay for Plaintiffs' off-the-clock work. Defendants' managers ignored, or failed to accurately monitor, Plaintiffs' work time.

## CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss for Misjoinder and to Require Individual Suits (D.E. 115) should be denied and Defendant should be directed to Answer the Second Amended Complaint.

Dated: September 23, 2014


Respectfully submitted,

By: /s/ Brian D. Massatt
On Behalf of Plaintiffs Represented by
the Law Office of Brian D. Massatt

Brian D. Massatt
Law Office of Brian D. Massatt
8824 Glenshire Street
Tinley Park, IL 60487
(815) 685-4192

---

[5] The 5th Circuit reversed the decision of the lower court because it dismissed the entire action in violation of FRCP 21. *Acevedo*, 600 F.3d at 522. The appellate court required the district court to re-open the case to the extent any of the joinder plaintiffs worked at the same location as the named plaintiff Acevedo. *Id*. at 523. All other plaintiffs were directed to pursue cases on a store-by-store basis. *Id*.

| | |
|---|---|
| Respectfully submitted,<br><br>By: \_\_/s/ Walker Lawrence_____<br>with permission<br>On Behalf of Plaintiffs Represented by<br>the Law Office of Maduff & Maduff, LLC. | Michael Maduff<br>Aaron Maduff<br>Walker R. Lawrence<br>Michigan Plaza at Illinois Center<br>205 N. Michigan Ave., Suite 2050<br>Chicago, IL 60601<br>(312) 276-9000 |
| Respectfully submitted,<br><br>By: \_\_/s/ Mario Uteras_____<br>with permission<br>On Behalf of Plaintiffs Represented by<br>the Uteras Law Offices, Inc. | Mario Uteras<br>Uteras Law Offices, Inc.<br>205 W. Wacker Drive, Ste 1600<br>Chicago, IL 60606<br>(312) 263-5580 |
| Respectfully submitted,<br><br>By: \_/s/ John Billhorn_____<br>with permission<br>On Behalf of Plaintiffs Represented by<br>the Billhorn Law Firm | John Billhorn<br>Billhorn Law Firm<br>120 S. State Street, Ste 400<br>Chicago, IL 60603<br>(312) 853-1450 |
| Respectfully submitted,<br><br>By: \_/s/ Elissa Hobfall_____<br>with permission<br>On Behalf of Plaintiffs Represented by<br>the Law Offices of Colleen McLaughlin | Colleen McLaughlin<br>Elissa Hobfoll<br>Law Offices of Colleen McLaughlin<br>1751 S. Naperville Rd. Ste 209<br>Wheaton, IL 60189<br>(630) 221-0305 |

## Certificate of Service

There undersigned attorney hereby certifies that on September 23, 2014 a true and correct copy of the foregoing Response In Opposition to Defendant's Motion to Dismiss for Misjoinder and to Require Individual Suits was served by electronic means through the Court's ECF System to all counsel of record.

| | |
|---|---|
| Respectfully submitted,<br><br>By: \_/s/ Brian D. Massatt_____<br>On Behalf of Plaintiffs Represented by<br>the Law Office of Brian D. Massatt | Brian D. Massatt<br>Law Office of Brian D. Massatt<br>8824 Glenshire Street<br>Tinley Park, IL 60487<br>(815) 685-4192 |